IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BROWN,

    Petitioner,                      No. CIV S-07-0741 WBS DAD P

    vs.

D.K. SISTO, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 17, 2007, the undersigned ordered respondent to file and serve a response to petitioner's petition. On August 24, 2007, respondent filed the pending motion to dismiss. On September 21, 2007, petitioner filed a timely opposition to respondent's motion to dismiss. On October 12, 2007, respondent filed a reply. On November 16, 2007, the parties appeared before the undersigned for oral arguments. For the reasons set forth below, the undersigned will recommend that respondent's amended motion to dismiss be granted.

**BACKGROUND**

        Petitioner challenges a judgment of conviction entered in the Sacramento County Superior Court on March 6, 2001. (Pet. at 3; Resp't's Lodged Doc. 1.) Petitioner alleges that

1

following a jury trial, he was convicted of two counts of arson, one count of stalking in violation of a restraining order, and of making criminal threats, and was sentenced to a term of 13 years and 8 months in state prison. (Pet. at 3; Resp't's Lodged Doc. 1.) The California Court of Appeal affirmed petitioner's judgment of conviction on March 6, 2003. (Pet. at 3; Resp't's Lodged Doc. 2.) Petitioner did not file a petition for review before the California Supreme Court.

On August 15, 2005, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus with the California Supreme Court. (Pet. at 4; Resp't's Lodged Doc. 3.) The California Supreme Court denied the petition on June 21, 2006. (Resp't's Lodged Doc. 4.) On April 18, 2007, proceeding through the same counsel, petitioner filed his federal habeas petition.

## RESPONDENT'S MOTION TO DISMISS

Respondent has filed a motion to dismiss on the grounds that the petition pending before the court is time-barred. Respondent contends that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to petitioner's April 18, 2007 petition and that petitioner filed his federal petition for writ of habeas corpus beyond the one-year statute of limitations set out in 28 U.S.C. § 2244(d). (Resp't's Mot. to Dismiss at 1-2.) Accordingly, respondent contends that the court should dismiss this action with prejudice.

Respondent argues that petitioner had one year to file his federal habeas petition from the date on which his judgment of conviction became final by the conclusion of direct review or the expiration of time for seeking such review. On March 6, 2003, the California Court of Appeal for the Third Appellate District affirmed the judgment in petitioner's case. (Resp't's Mot. to Dismiss at 2.) The Court of Appeal's decision became final on April 5, 2003, thirty days after it was filed. Under the California Rules of Court, petitioner had until April 15, 2003, ten days after the Court of Appeal's decision became final, to file a petition for review in the California Supreme Court. Petitioner did not file a petition for review in the California

Supreme Court. Accordingly, respondent contends that the AEDPA statute of limitations began running on April 15, 2003, and the last day for petitioner to file a federal petition was April 15, 2004, plus any time for tolling. (Id. at 2-3.)

Respondent acknowledges that proper filing of a state post-conviction application with respect to the pertinent judgment tolls the one-year statute of limitations period. However, respondent contends that petitioner did not file any state post-conviction actions within the limitations period. Petitioner filed his sole state post-conviction challenge on August 15, 2005, well after the limitations period expired. Therefore, respondent contends that petitioner is not entitled to statutory tolling. (Resp't's Mot. to Dismiss at 3.)

Respondent concludes that petitioner's federal habeas petition is time-barred, and petitioner can provide no basis for statutory or equitable tolling. (Resp't's Mot. to Dismiss at 3.) Accordingly, respondent requests that the court dismiss this action with prejudice. (Id. at 4.)

**PETITIONER'S OPPOSITION**

Petitioner argues that he is entitled to equitable tolling. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1.) Petitioner acknowledges that review of his conviction on appeal by the California courts concluded on March 6, 2003, when the California Court of Appeal affirmed his judgment of conviction. However, petitioner contends that his appellate counsel failed to advise him that his direct appeal had concluded and failed to file a petition for review with the California Supreme Court. Petitioner argues that he did not learn of the status of his direct appeal until sometime in early 2005, well after the one-year limitation period had expired. (Id. at 2.)

Citing the decision in Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003), petitioner argues that equitable tolling applies in this case because petitioner's attorney engaged in misconduct sufficiently egregious to constitute extraordinary circumstances. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.) Petitioner contends that he attempted to obtain status reports from his attorney to no avail. When he finally did learn that his direct appeal in state court had

3

concluded, petitioner went about the process of obtaining counsel to assist him in the preparation of a habeas petition to be filed in state court, thereby exhausting his claims. Petitioner then filed the instant petition. (Id. at 4.)

Petitioner argues that an attorney has a clear obligation to fully inform his client of his available options. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 4.) Moreover, petitioner contends that there is no doubt that he had a constitutional right to effective assistance of counsel during direct appeal. (Id. at 4-5.) Relying on the decision in Roe v. Flores-Ortega, 528 U.S. 470, 479 (2000), petitioner argues that the Constitution requires "that counsel make objectively reasonable choices," not only during the legal proceeding for which the counsel represents the client, but also after the judicial proceeding has concluded in determining whether an appeal should be filed. (Id. at 5.) The Supreme Court has applied this standard to mean that trial counsel has a constitutional duty to consult with clients about filing an appeal after the trial proceedings have concluded when there is reason to believe that a rational defendant would want to appeal or that the particular defendant reasonably demonstrated to counsel that he was interested in filing an appeal. (Id. at 5.)

Petitioner repeats that he belatedly learned of the Court of Appeal's decision affirming his conviction because he was not notified by his counsel. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 6.) As such, petitioner did not know that the one-year limitations period under AEDPA had commenced. (Id.) Petitioner argues that, because there was no conceivable benefit to not providing notice to petitioner, the conduct of petitioner's counsel cannot be considered a strategic decision, and thus constitutes a constitutionally-deficient performance. (Id.)

Petitioner concludes that the he is entitled to equitable tolling for the entire period claimed by respondent to be defaulted. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 7.)

/////

/////

4

**RESPONDENT'S REPLY**

In reply, respondent contends that petitioner's argument for equitable tolling is unpersuasive (Resp't's Reply at 3-4.) Respondent argues that the U.S. Supreme Court has established that, assuming equitable tolling of the AEDPA statute is permissible, to be entitled to tolling on that basis a petitioner bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. (Id.)

Here, petitioner alleges that his appellate attorney failed to notify him when the Court of Appeal denied his appeal. Respondent contends that petitioner's appellate counsel did in fact notify him of the Court of Appeal's decision. (Resp't's Reply at 4, Exs. 1 & 2.) Respondent has attached to his reply a declaration from petitioner's appellate counsel as well as a copy of the letter from petitioner's appellate counsel to petitioner notifying him that his appeal had been denied. The letter informed petitioner that if he decided to retain counsel for purposes of filing a petition for review in the California Supreme Court, he would need to file the petition in that court no later than April 15, 2003. (Resp't's Reply at 4-5, Exs. 1 & 2.)

Respondent notes that any alleged failure of petitioner's appellate counsel to timely notify him of the Court of Appeal's decision would not warrant equitable tolling in any event. (Resp't's Reply at 5.) Ordinary negligence on the part of counsel is not an extraordinary circumstance warranting equitable tolling. (Id.) In this regard, respondent points to the decision in Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001), where the Ninth Circuit held that an attorney's miscalculation of the statute of limitations period is ordinary negligence and does not constitute extraordinary circumstances sufficient to warrant equitable tolling. Respondent also relies on the case of Miranda v. Castro, 292 F.3d 1063, 1066-68 (9th Cir. 2002), where the court held that equitable tolling was not warranted where the petitioner had been given erroneous information by his attorney concerning the deadline for filing a habeas petition. (Id.)

Respondent also argues that there is no federal constitutional right to counsel on a discretionary appeal to a state supreme court. (Resp't's Reply at 7.) Respondent contends that

the absence of a constitutionally-protected right to counsel limits petitioner's ability to rely on counsel's actions as a basis for equitable tolling. (Id.) Respondent notes that petitioner's reliance on Roe is misplaced. (Resp't's Reply at 9.) In that case, the Supreme Court set out the standard for governing claims of ineffective assistance of counsel arising out of counsel's failure to file a timely notice of appeal. (Id.) Respondent contends that the instant case is distinguishable from Roe in several respects. For example, the defendant in Roe had a constitutional right to effective assistance of counsel. Petitioner does not. In addition, Roe involved counsel's failure to file an initial appeal, where there exists a constitutional right to effective assistance of counsel. This case, in contrast, challenges an attorney's conduct in failing to pursue discretionary review. (Id.) Respondent also contends that an attorney's failure to notify a client of a decision on discretionary review is far less objectionable than the failure of counsel in Roe to file a notice of appeal where a constitutional obligation to do so existed. (Id.) In any event, respondent maintains that ineffectivenss on the part of counsel does not entitle petitioner to equitable tolling here. (Id. at 9-10.)

Finally, respondent argues that petitioner has failed to demonstrate diligence. (Resp't's Reply at 10.) In light of petitioner's untimely petition, respondent contends that he has failed to demonstrate due diligence in pursuing his right to relief via a petition for writ of habeas corpus. (Id.) Accordingly, respondent concludes that petitioner is not entitled to equitable tolling, and his petition should be denied as untimely.

## ANALYSIS

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to petitioner's April 18, 2007 petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

   Judgment was entered against petitioner on March 6, 2001. The Court of Appeal affirmed petitioner's conviction on March 6, 2003. Under California law, the Court of Appeal's decision became final thirty days later on April 5, 2003. See Cal. Rules of Court, Rule 8.264(b)(1) (formerly Rule 24(b)(1)). Petitioner did not file a petition for review with the California Supreme Court. As such, for purposes of federal habeas review, petitioner's conviction became final on April 15, 2003, upon expiration of the ten-day time period petitioner could have filed a petition for review with the California Supreme Court. See 28 U.S.C. § 2244(d)(1)(A); Cal. Rules of Court, Rule 8.500(e)(1) (formerly Rule 28(e)(1)); see also Culver v. Director of Corr., 450 F. Supp. 2d 1135, 1139 (C.D. Cal. 2006). The AEDPA one-year statute of limitation period began to run the following day, on April 16, 2003. Petitioner did not file any

state petitions for collateral relief in the year following April 16, 2003.  Thus, the one-year period of limitation ran without interruption from April 16, 2003, until it expired on April 15, 2004.  Petitioner filed his federal habeas petition approximately three years thereafter, on April 18, 2007.  Petitioner's petition for writ of habeas corpus is therefore untimely under the AEDPA statute of limitations unless he is entitled to equitable tolling.

III.  Equitable Tolling

Because petitioner's federal habeas petition is untimely, the court must dismiss it unless petitioner demonstrates that he is entitled to equitable tolling of the statute of limitations.  The Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)).  The Ninth Circuit has observed that equitable tolling under the AEDPA will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

First, petitioner has failed to establish that he has been pursuing his federal claims diligently.  The record now before the court establishes that on March 10, 2003, petitioner's appellate counsel sent him letter, notifying him that the California Court of Appeal had rejected his appeal of the conviction, that his services on behalf of petitioner had concluded, and that if petitioner wanted to retain counsel to file a writ to the California Supreme Court, he would need to file such a writ no later than April 15, 2003.  (Resp't's Reply, Exs. 1-2.)  Nevertheless, petitioner failed to file a petition for review.  Moreover, he waited more than two years thereafter to file his first petition for writ of habeas corpus in state court on August 15, 2005.

Even assuming petitioner's allegations that he remained unaware that his direct appeal was unsuccessful to be true, petitioner allowed approximately two years to lapse before he successfully reached his counsel to learn the outcome of his direct appeal.  After allegedly

learning of the Court of Appeal's decision in the early part of 2005, he did not file a petition for writ of habeas corpus in the California Supreme Court until August 15, 2005. (Lodged Doc. 4.) The California Supreme Court denied his petition on June 21, 2006. (Lodged Doc. 3.) Petitioner then waited nearly a year to advance his claims in federal court by way of a federal habeas petition. Petitioner raises five grounds for relief in his federal petition. He raised the identical five grounds for relief, with only one additional claim, in his petition before the California Supreme Court. Under these circumstances, the court cannot conclude that petitioner has been pursuing his federal claims diligently.

Second, any alleged failure of petitioner's appellate counsel to advise him that his direct appeal had concluded or to file a petition for review in the California Supreme Court, does not rise to the level of extraordinary circumstances justifying equitable tolling. At most, the alleged actions or inaction of petitioner's appellate counsel constitute negligence.[1] An attorney's "ordinary" negligence does not constitute "extraordinary circumstances." See Spitsyn, 345 F.3d at 800; Miranda, 292 F.3d at 1067-68 (an attorney's negligence or inadvertence does not provide grounds for applying equitable tolling); Frye, 273 F.3d at 1146 ("[counsel's] negligence in general do[es] not constitute extraordinary circumstances sufficient to warrant equitable tolling."); Culver, 450 F. Supp. 2d at 1142 ("To the extent that Petitioner claims his attorney is responsible for any delay because counsel allegedly failed to file a petition for review on direct appeal and failed to advise Petitioner of the AEDPA deadline, he has not met his burden to show he is entitled to equitable tolling.").

Accordingly, the court concludes that petitioner is not entitled to equitable tolling and that his petition filed on April 18, 2007, is time-barred. Respondent's motion to dismiss should therefore be granted, and this action should be dismissed with prejudice.

---

[1] The court wishes to emphasize that in light of appellate counsel's declaration, to which is attached counsel's March 10, 2003, letter notifying petitioner that the Court of Appeal had rejected his appeal and that any further review by the California Supreme Court would have to be sought no later than April 15, 2003, it appears clear that petitioner's appellate counsel was not in fact negligent.

**CONCLUSION**

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's August 24, 2007 amended motion to dismiss be granted; and

2. This action be dismissed with prejudice because the petition for writ of habeas corpus was filed beyond the one-year statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 26, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brow0741.157